IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PEACE SOFTWARE, INC., a      )     CIV. NO. 09-00408 SOM/LEK
Delaware Corporation,        )
                             )
          Plaintiff,         )     ORDER GRANTING IN PART,
                             )     DENYING IN PART DEFENDANT'S
     vs.                     )     MOTION TO DISMISS AND TO
                             )     STRIKE PORTIONS OF THE
HAWAIIAN ELECTRIC COMPANY,   )     COMPLAINT
INC., a Hawaii Corporation,  )
                             )
          Defendant.         )
_____ )

ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S
MOTION TO DISMISS AND TO STRIKE PORTIONS OF THE COMPLAINT

I.      INTRODUCTION.

        This case concerns the nature and scope of software

and services that Plaintiff Peace Software, Inc., was required

by contract to provide to Defendant Hawaiian Electric Company,

Inc.  Peace alleges that, among other things, HECO breached the

contract.  Before the court is HECO's motion to dismiss Peace's

fraudulent inducement and negligent misrepresentation claims and

to strike some of Peace's allegations.  The court grants a

portion of HECO's motion by limiting the fraudulent inducement

claim to a single instance, but denies the remainder of the

motion.

II.     BACKGROUND.

        In 2004, HECO decided to upgrade and replace its

consumer information system ("CIS").  Compl. ¶¶ 2, 14 (Aug. 31,

2009).  HECO thought that a new CIS would improve, among other

things, its management of customer accounts, products, and services.  Id. ¶ 15.

HECO allegedly could have upgraded its CIS in one of four ways.  HECO could have outsourced the communications expense to a third party, internally developed a new system using custom-developed software, upgraded its current system, or bought a commercially available prepackaged system.  Id. ¶ 16. Although HECO allegedly wanted to internally develop a custom-tailored system, HECO decided to buy a prepackaged system.  Id. ¶ 17.  Thus, in 2004 HECO sought approval from the Hawaii Public Utilities Commission ("PUC") of its decision to buy a prepackaged system from an outside vendor.  Id. ¶¶ 2, 18-19. The PUC approved HECO's plan in May 2005.  Pl.'s Mem. Opp. Mot. Dismiss 2 (Oct. 29, 2009).

HECO then issued a request for proposals ("RFP") inviting bids for the installation of a CIS for HECO.  Compl. ¶ 2; Def.'s Mem. Supp. Mot. Dismiss 1 (Oct. 5, 2009).  HECO's RFP allegedly described its requirements for the new CIS and allegedly asked for bids from only companies that sold prepackaged software.  Compl. ¶ 23.

Peace says that it submitted a bid that, based on HECO's RFP, satisfied HECO's requirements.  Id. ¶ 25.  HECO accepted Peace's bid.  Id. ¶ 29.  On March 10, 2006, the parties entered into a contract, called an Implementation Services

Agreement, in which Peace agreed to install a new CIS for HECO. Id. ¶ 31.  They also entered into a software license agreement, and a "statement of work" that described the scope of the work to be performed by each party.  Id. ¶¶ 32-33.

Peace began implementing the new CIS, but work on the CIS fell behind schedule and costs for the project exceeded what had been anticipated.  Def.'s Mem. Supp. Mot. Dismiss 2.  Peace alleges that the delays and increased costs resulted from HECO's desire for a custom-made CIS, something Peace could not implement for the agreed-upon price.  Compl. ¶¶ 24-28.  Peace alleges that HECO intentionally misled Peace into believing that Peace's prepackaged CIS would meet its needs.  Id. ¶ 75.  Peace says that it "became clear that HECO's demands far exceed[ed] the scope of work set forth in the Agreements." Id. ¶ 46.

Peace filed suit after negotiations between the parties over payment and the scope of work stalled.  Among Peace's claims are Count II, alleging that HECO made intentional misrepresentations in HECO's PUC application, RFP, and contract negotiations and fraudulently induced Peace to install a CIS, and Count III, alleging that HECO was at least negligent in that regard.  Id. ¶¶ 79-84.

HECO moves to dismiss Count II and Count III on the ground that Peace has failed to plead these counts with the particularity required by Rule 9(b) of the Federal Rules of

3

Civil Procedure.  HECO also argues that certain allegations regarding compromise negotiations should be stricken as impertinent and immaterial under Rule 12(f) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the court grants HECO's motion in part and limits the scope of the fraudulent inducement claim, but the court denies the remainder of the motion.

III.      STANDARD OF REVIEW.

          A.    Rule 9(b).

          Usually, a party's pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, Rule 9(b) requires that, when fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Rule 9(b)'s purposes are to provide defendants with adequate notice to allow them to defend against a charge, to protect those whose reputation would be harmed as a result of being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society social and economic costs without some factual basis.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

4

An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)(internal citations and quotations omitted).  To sufficiently identify the circumstances that constitute fraud, a plaintiff must identify such facts as the times, dates, places, or other details of the alleged fraudulent activity.  Id.  A plaintiff must plead these evidentiary facts and must explain why the alleged conduct or statements are fraudulent.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7 (9th Cir. 1994).  Allegations of fraud based on information and belief do not satisfy Rule 9(b); instead a plaintiff must state the factual basis for the belief. Neubronner, 6 F.3d at 672.

Fraud is sometimes not an essential element of every claim asserted by a plaintiff; only those allegations of a complaint that aver fraud are subject to Rule 9(b)'s heightened pleading standard.  Kearns, 567 F.3d at 1124.  The court should disregard averments of fraud that do not meet Rule 9(b)'s standard, and then determine whether the remaining allegations state a claim.  Id.

When fraud is not an essential element of a claim, but a plaintiff alleges that a defendant engaged in a "unified course of fraudulent conduct" and relies on that course of

conduct for the basis of that claim, the claim is grounded in fraud and the pleading as a whole must satisfy the particularity requirement of Rule 9(b).  <u>Kearns</u>, 567 F.3d at 1125 (citing <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1102-1105 (9th Cir. 2003)).  Of course, allegations of nonfraudulent conduct need only satisfy the ordinary pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure.  <u>Vess</u>, 317 F.3d at 1103.

A court treats a motion to dismiss under Rule 9(b) like a motion to dismiss under Rule 12(b)(6):

> A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint.  In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted.  Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.

<u>Vess</u>, 317 F.3d at 1107.

When a court exercises diversity jurisdiction, state substantive law determines the elements of the claims.  "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of

the fraud must be stated with particularity is a federally imposed rule." <u>Kearns</u>, 567 F.3d at 1125 (internal citations and quotations omitted).

        B.   <u>Rule 12(f).</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own, or on motion made by a party before responding to the pleading or within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(1) and (2).

The function of a 12(f) motion is to avoid spending time and money litigating spurious issues by dispensing with those issues before trial. <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983). This court has stated that the "rationale behind granting motions to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." <u>Wailua Assocs. v. Aetna Cas. & Sur. Co.</u>, 183 F.R.D. 550, 553 (D. Haw. 1998). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. <u>Id.</u> at 554. A matter will not be stricken from a pleading unless it is clear that it

can have no possible bearing on the subject matter of the litigation.  Id.

Immaterial matter is that which has no essential or important relationship to the claims or defenses pled.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Aetna Cas. & Sur. Co., 183 F.R.D. at 553 (noting that an allegation is impertinent when it is irrelevant).

As a general rule, a motion to strike is disfavored because it is often used as a delaying tactic.  Hart v. Baca, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (internal quotations omitted).  A Rule 12(f) motion is primarily used to object to an insufficient defense.  At least one court has noted that a Rule 12(f) motion is "neither an authorized nor proper way to obtain dismissal of a complaint or portions of a complaint." Clement v. Am. Greetings Corp., 636 F. Supp. 1326, 1332 (S.D. Cal. 1986).

IV.     ANALYSIS.

The court first addresses HECO's contention that Peace did not sufficiently plead its fraudulent inducement and negligent misrepresentation claims.  The court then addresses HECO's motion to strike some of the allegations.

8

    A.   Peace Has Sufficiently Pled a Fraudulent
        Inducement Claim Based on its Allegation That
        <u>HECO Made A False Statement in its RFP.</u>

Peace claims that HECO fraudulently induced Peace to agree to install a CIS for HECO.  Peace alleges that HECO made false statements on three occasions.  HECO argues that Peace fails to plead three false statements with the particularity required by Rule 9(b).  This court agrees and limits Peace's claim of fraudulent inducement to a single instance.

To state a claim for fraudulent inducement, a plaintiff must allege (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to his or her damage.  <u>Hawaii Cmty. Fed. Credit Union v. Keka</u>, 94 Haw. 213, 230, 11 P.3d 1, 18 (2000).

Peace alleges that HECO's RFP contains a fraudulent statement that HECO was seeking bids for only "commercially available software."  Compl. ¶ 23.  This allegation is sufficient to put HECO on notice that Peace is contending that HECO made a false statement in its RFP.  <u>See</u> <u>Neubronner</u>, 6 F.3d at 671-2 (noting that a pleading alleging fraud is sufficient if defendants can prepare an adequate answer from the allegations).  This allegation also gives the time, place, and content, or the "who, what, when, where, and how," of the alleged misconduct.

<u>Kearns</u>, 567 F.3d at 1124 (internal quotations omitted).  This allegedly false statement was included in one specific RFP released after May 2005, after HECO's application for a new CIS had been approved by the PUC.  Peace alleges that the statement was fraudulent because HECO had no intention of installing a commercially available CIS, knowingly made a false statement, and actually planned to install a custom-made CIS.  Compl. ¶¶ 23, 73.  The allegations describing this particular conduct are sufficient to satisfy the heightened pleading requirements of Rule 9(b).

By contrast, Peace's allegations that HECO made fraudulent statements in its PUC application and during contract negotiations do not satisfy Rule 9(b).  <u>Id.</u> ¶ 76.  These allegations do not state the time, place, and content of the alleged fraudulent statements.  The Complaint does not include or refer to the actual language of the statements in the PUC application or state how any statement in the application was fraudulent.  Additionally, there is no allegation as to when the application was submitted.  While one might infer statements that Peace might be alleging were included in the application, Rule 9(b) requires more than an inference.

With regard to contract negotiations, there is similarly no allegation of when fraudulent statements were made, who made the statements, and what exactly was said that was

fraudulent.  These allegations of fraudulent activity fail to
satisfy the heightened pleading standard of Rule 9(b).  The
court disregards these allegations, and the fraudulent
inducement claim may proceed based only on the alleged fraud in
the RFP.  See Kearns, 567 F.3d at 1124.

HECO seeks dismissal of Peace's entire fraudulent
inducement claim on the additional ground that some of Peace's
allegations are made on "information and belief."  Allegations
made on information and belief do not satisfy the heightened
pleading standard of Rule 9(b).  See Neubronner, 6 F.3d at 672
(noting that as a general rule allegations of fraud based on
information and belief do not satisfy Rule 9(b)).  The court is
unpersuaded.

To the extent any allegation made on "information and
belief" does not aver fraud, it need not be pled with
specificity under Rule 9(b).  Kearns, 567 F.3d at 1124 ("To the
extent a party does not aver fraud, the party's allegations need
only satisfy the requirements of Rule 8(a)(2)."); see also Vess,
317 F.3d at 1104 ("To require that non-fraud allegations be
stated with particularity merely because they appear in a
complaint alongside fraud averments, however, serves no similar
reputation-preserving function, and would impose a burden on
plaintiffs not contemplated by the notice pleading requirements
of Rule 8(a).").  And allegations of intent or knowledge on

11

behalf of a defendant need only be generally alleged.  See Fed. R. Civ. P. 9(b); see also Neubronner, 6 F.3d at 372 (noting that "allegations of fraud based on information and belief that do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge").  This court need not decide whether Peace's allegations "on information and belief" that HECO always intended to install a custom-made CIS, and that HECO's ultimate goal was to achieve the benefits of a custom-designed CIS, Compl. ¶¶ 2, 17, allege fraud.  Even if the court reads these allegations as alleging fraud, Peace has other allegations that clearly aver fraud without stating that they are made on "information and belief."  Compl. ¶¶ 72-78.

The same could be said about the other "information and belief" allegations that HECO complains about.  Peace alleges on "information and belief" that HECO made a misrepresentation to induce Peace into agreeing to produce a product for a fixed price.  Comp. ¶ 24.  Elsewhere, Peace alleges on "information and belief" that HECO materially and intentionally misled Peace into believing that HECO wanted a prepackaged CIS.  Compl. ¶ 27.  Even if the court disregards these allegations, Peace sufficiently pleads a fraudulent inducement claim with respect to the RFP, as Peace has equivalent allegations in the Complaint that do not state that they are made on "information and belief."  Compl. ¶¶ 74-75.

12

This court limits Peace's fraudulent inducement claim to the assertion that HECO made fraudulent statements in the RFP.  The claim may proceed on only that ground.  <u>See</u> <u>Kearns</u>, 567 F.3d at 1124 ("Any averments which do not meet that standard should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b).") (internal quotations omitted).

B.    HECO Does Not Establish that Peace's Negligent Misrepresentation Claim Is Subject to The <u>Heightened Pleading Requirements of Rule 9(b).</u>

Peace alleges that the same conduct that forms the basis of Peace's fraudulent inducement claim supports a negligent misrepresentation claim.  Peace asserts, "At the very least, HECO's misrepresentations and omissions of material fact were the result of HECO's failure to exercise reasonable care and competence."  Compl. ¶ 80.  In other words, Peace says that HECO performed negligently in submitting its application to the PUC, in drafting its RFP, and in negotiating the contract.  HECO seeks dismissal of the negligent misrepresentation claim on the ground that it fails to meet the heightened pleading requirements of Rule 9(b).  This court denies HECO's motion in this regard based on HECO's failure to establish that Rule 9(b) applies to this claim.

HECO cites <u>Neilson v. Union Bank of California</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003), which states that it is "well-established in the Ninth Circuit that both claims for

13

fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." See also Hutson v. American Home Mortgage Servicing, Inc., 2009 WL 3353312, at *14 (N.D. Cal. Oct. 16, 2009)(quoting Neilson). But Neilson applied California's law of negligent misrepresentation and cited other decisions doing the same. It therefore appears to this court that the reference in Neilson is a reference to well-established federal pleading requirements for fraud and negligent misrepresentation claims brought under California law.

Under California law, to be a negligent misrepresentation, a statement must have been made "without reasonable grounds for believing it to be true" and "with intent to induce another's reliance." Id. at 1141. This means that, under California law, the elements of a claim for negligent misrepresentation are similar to the elements for fraud. Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). Indeed, in California, negligent misrepresentation is a "form of deceit." Neilson, 290 F. Supp. 2d at 1141 (internal citations and quotations omitted).

A court sitting in diversity must apply the substantive law of the state in which it sits. Thus, this court looks to Hawaii law to determine the elements of Peace's negligent misrepresentation claim before determining whether the procedural requirements of Rule 9(b) apply.

14

HECO argues that Hawaii law mirrors California law in requiring an intent to induce reliance.  The elements of a negligent misrepresentation claim under Hawaii law have been stated in various ways.  In <u>Kohala Agric. v. Deloitte & Touche</u>, 86 Haw. 301, 304, 949 P.2d 141, 144 (Haw. App. 1997), the Hawaii Intermediate Court of Appeals applied the elements of negligent misrepresentation set forth in section 552 of the Restatement (Second) of Torts.  The ICA noted that section 552 required, among other things, that a plaintiff have relied on an alleged misrepresentation in a transaction that the alleged tortfeasor intended the misrepresentation to influence.  <u>Id.</u>, 949 P.2d at 144.

The Hawaii Supreme Court subsequently held that, to state a claim for negligent misrepresentation under Hawaii law, a party must allege that (1) false information was supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information was supplied suffered a loss; and (3) the recipient relied on the misrepresentation.  <u>Blair v. Ing</u>, 95 Haw. 247, 269, 21 P.3d 452, 474 (2001).  In so stating, the Hawaii Supreme Court specifically referred to the ICA decision and to section 552, although it did not list an intent to influence as a numbered element.

HECO urges this court to rely not on Blair but on the more recent Hawaii Supreme Court decision in Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Limited Partnership, 114 Haw. 201, 166 P.3d 961 (Haw. 2007). Laeroc states that Hawaii "has adopted the Restatement (Second) of Torts § 552 addressing the tort of negligent misrepresentation," and then quotes section 552, including the "intent to influence" language that is not contained in the list of the elements of a negligent misrepresentation claim set forth in Blair. It is not at all clear that the Hawaii Supreme Court intended Laeroc to supersede Blair with respect to the elements of a negligent misrepresentation claim.

In a decision that is very nearly contemporaneous with Laeroc, the Hawaii Supreme Court quoted the three elements set forth in Blair as stating Hawaii's requirements for negligent misrepresentation. That nearly contemporaneous case, Association of Apartment Owners of Newton Meadows v. Venture 15, Inc., 115 Haw. 232, 167 P.3d 225 (Haw. 2007), was originally decided a month before Laeroc and corrected less than a month after Laeroc in connection with the denial of a reconsideration motion. The Venture 15 decision thus issued in its final form after Laeroc did. Venture 15 notes the similar reliance requirements under Hawaii law for negligent misrepresentation and for intentional or fraudulent misrepresentation. But

16

Venture 15 strikingly includes for only intentional or
fraudulent misrepresentation the requirement that false
representations have been made "in contemplation of plaintiff's
reliance upon these false representations."  Id. at 263, 167
P.3d at 256.  The absence of the "contemplation" or "intent"
language from the description of the elements of a negligent
misrepresentation claim gives this court pause in applying Rule
9(b).

        HECO does not explain why, given these Hawaii cases,
this court should read a reference in Laeroc to section 552 as
negating Blair and Venture 15.  This is a burden that HECO has
as the movant here, and HECO does not satisfy that burden.

        Nor does HECO explain how its reading of Laeroc can be
reconciled with Honda v. Board of Trustees of the Employees'
Retirement System, 108 Haw. 212, 222, 118 P.3d 1155, 1165
(2005).  Honda involved a claim by the wife of a deceased state
civil service employee for retirement benefits.  The Hawaii
Supreme Court held that a retirement application form and
pamphlet prepared by the defendant may have amounted to a
negligent misrepresentation to the deceased employee that his
wife would receive survivor benefits when he died, which was not
in fact the case.  Id.  The employee appeared to have relied on
this representation in selecting a retirement option that did
not allow his spouse to receive retirement benefits.  Id.   In

17

discussing the negligent misrepresentation claim, the court did not impose any requirement that the defendant have intended the employee to rely on a misrepresentation when choosing an option. Thus, the Hawaii Supreme Court does not appear to have been equating negligent misrepresentation with fraud.

Regardless of whether Hawaii does or does not require intent to induce reliance to establish negligent misrepresentation, HECO does not meet its burden of establishing that it does so require.  This court accordingly does not apply Rule 9(b) to that claim.

Nor could Peace's negligent misrepresentation claim be said to be subject to Rule 9(b) because it is "grounded in fraud."  While the Ninth Circuit has held that Rule 9(b) applies when a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis for a claim that does not have fraud as an essential element, Kearns, 567 F.3d at 1125, the present case involves no such allegation. This case involves related, but clearly separable, instances of alleged negligence.  Therefore, the court again rules that HECO does not meet its burden of establishing that the heightened pleading standard applies to Peace's negligent misrepresentation claim.

18

   B.   The Court Declines To Strike Allegations In The
        Complaint That HECO Claims Contain Statements Made in
        Compromise Negotiations.

        HECO argues that allegations in paragraphs 41 to 44 of

the Complaint must be stricken under Rule 12(f) of the Federal

Rules of Civil Procedure.  Those paragraphs allege that a third-

party consultant, Accenture, was hired to review how

implementation of the CIS was proceeding and to report on its

status.  Peace alleges that Accenture reported that HECO itself

had caused many problems that led to delay in implementing the

CIS.  Compl. ¶¶ 41-45.

        HECO argues that these allegations relate to

compromise attempts and are therefore inadmissible under Rule

408 of the Federal Rules of Evidence.  According to HECO,

allegations inadmissible under the Federal Rules of Evidence are

necessarily immaterial and impertinent and must be stricken

under Rule 12(f) of the Federal Rules of Civil Procedure.  HECO

also says that these allegations should be stricken as violative

of a nondisclosure agreement.  On the present record, the court

disagrees.

        Rule 408 provides that evidence of conduct or

statements made in negotiations to compromise a claim are "not

admissible on behalf of any party, when offered to prove

liability for, invalidity of, or amount of a claim that was

disputed as to validity or amount."  Fed. R. Evid. 408(a)(2).

19

However, as a general matter, allegations in a complaint are not evidence.  Because the Federal Rules of Evidence deal with evidence offered at trial, not allegations in a complaint, HECO's contention that allegations must be stricken because they violate the Rules of Evidence is unpersuasive.  It is, moreover, unclear from the face of the Complaint that these allegations concern compromise negotiations regarding a claim that trigger Rule 408.  These discussions may have occurred before either party contemplated a claim against the other party.  Finally, HECO does not establish that these allegations fall under Rule 408 as matters offered to prove liability for, invalidity of, or amount of a claim.  Peace could conceivably offer these allegations for some other purpose.

HECO also contends that these allegations violate a nondisclosure agreement protecting proposal negotiations. Def.'s Mem. Supp. Mot. Dismiss 13.  First, it is unclear that the allegations in the Complaint concern proposal negotiations. Second, on a motion to strike a pleading, the court typically considers only the face of the pleading or matters that the court takes judicial notice of.  See Aetna Cas. & Sur. Co., 183 F.R.D. at 554.  The face of the Complaint does not show that Peace breached the nondisclosure agreement.

The court denies HECO's motion to strike allegations from the Complaint.

V.        CONCLUSION.

The court denies HECO's motion to the extent it seeks to dismiss in its entirety Peace's fraudulent inducement claim, but the court limits that claim to the issue of representations in the RFP.  The court denies the motion to dismiss insofar as it seeks dismissal of the negligent misrepresentation claim. Finally, the court denies Heco's motion to strike certain allegations, as HECO does not prove that the allegations are immaterial or impertinent under Rule 12(f) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Peace Software, Inc., v. Hawaiian Elec. Co., Inc., Civ. No. 09-00408, SOM/LEK Order Granting in Part, Denying in Part Defendant's Motion to Dismiss and To Strike Portions of the Complaint.